IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 2015-cv-1407 |
| | ) | |
| SHERIFF OF COOK COUNTY | ) | |
| THOMAS J. DART, AND | ) | |
| COUNTY OF COOK, ILLINOIS, | ) | |
| | ) | Jury Trial Demand |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, DARRYL CARTER, by and through his attorneys, the Law Offices of Daniel Q. Herbert and Associates, makes the following complaint against Defendants, SHERIFF OF COOK COUNTY THOMAS J. DART, AND COUNTY OF COOK, ILLLINOIS, and states as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, DARRYL CARTER, an employee of the Cook County Sheriff's Office, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff in the course of many years as a Cook County Sheriff's Officer filed numerous complaints in various forums related to claims of employment discrimination and/or civil rights violations. This action is to seek to redress the violation of Plaintiff's civil rights by the Defendant.

1

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims are conferred by 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. §1391 because all parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred in this district.

4. All conditions precedent to filing suit have been met. Plaintiff timely filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment Opportunity Commission ("EEOC"), as required by Section 42 U.S.C. §2000e-5(e)(1) on September 26, 2014, (Attached here as Exhibit A).

5. Exhibit A is a true and accurate copy of Plaintiff's charge of discrimination.

6. The United States Department of Civil Rights Division issued a "right to sue letter" dated November 19, 2014. (Attached as Exhibit B).

7. Exhibit B is a true and accurate copy of the right to sue letter.

## PARTIES

8. Plaintiff is a male black employee of the Defendants, holding the position of Correctional Sergeant with the Cook County Sheriff's Office.

9. Defendant Thomas J. Dart ("Dart") was, at all times relevant herein, the Sheriff of Cook County.

10. As the duly elected Sheriff of Cook County, Dart operates in his official capacity as the head of the Cook County Sheriff's Office. Dart is responsible for the hiring, training and supervision of all personnel necessary to operate and maintain the Cook County Sheriff's Office. Dart is sued in his official capacity.

11. Defendant County of Cook is a local public entity under the laws of the State of Illinois.

## **FACTS**

12. Plaintiff was hired as Cook County Sheriff's Officer on or about June 1, 1988.

13. On November 23, 2007, Plaintiff submitted an interoffice memorandum to the Cook County Board President, Cook County Board of Commissioners, and the Cook County Sheriff documenting that he believed he was being denied promotion on account of his race.

14. Plaintiff was subsequently promoted to the position of Correctional Sergeant in December 2007.

15. Plaintiff has not appeared on any promotional lists since 2007.

16. Beginning in July of 2010, Plaintiff began filing and continued to direct Cook County Department of Corrections Memorandums claiming employer harassment and racial discrimination by the Sheriff's administration that began in January of 2008.

17. Plaintiff directed notarized memorandums to his Lieutenants, Chiefs, Superintendents Assistant Executive Directors, First Executive Directors, Executive Directors, the Executive Director of Cook County Merit Board, the Undersheriff, and Sheriff Thomas J. Dart.

18. Specifically, in July of 2010, Plaintiff's memorandum stated the administration failed to train Plaintiff properly yet continued to discipline him for infractions directly related to lack of training.

19. Specifically, in December of 2010, Plaintiff's memorandum described that a Director vowed to hold a personal vendetta against Plaintiff for contesting a denial of promotion.

20. Plaintiff applied for a promotion to the position of Correctional Chief on August 26, 2010 and Plaintiff was subsequently informed that he did not hold the rank of Lieutenant and therefore was not qualified for the promotion to Correctional Chief.

21. Plaintiff applied for a promotion to the position of Correctional Chief in March of 2012 and was subsequently informed that he did not hold the rank of Lieutenant and therefore was not qualified for the promotion to Correctional Chief.

22. Plaintiff maintains that three other individuals, who were not Lieutenants but rather only Sergeants, had been promoted to the position of Superintendent which is in fact a higher rank than Correctional Chief.

23. On or about April 3, 2012, Plaintiff arrived at Division 1 of the Cook County Jail to retrieve his payroll stub. Superintendent Reyes handed Plaintiff an envelope containing his payroll stub and Plaintiff discovered the words "Dick sucker bitch" were clearly written on the envelope. (A copy of the envelope attached here as Exhibit C.)

24. Exhibit C is a true and accurate copy of the payroll envelope.

25. On or about April 3, 2012, Plaintiff arrived to work on Division 1 and discovered a pornographic picture of a naked black man posted in the lobby. The picture was marked with text that stated "Every things goes", "the first persons gets a head job by the one and only Mr. D-Carter…", "Call me 1708-926-9116", "free food", and "Vera son Daryl Carter is having a party @ our home 12717 S. Elizabeth Calumet Park." (A copy attached here as Exhibit D).

26. Exhibit D is a true and accurate copy of the picture described above.

4

27. The information on the picture accurately described: the name of Plaintiff's mother as "Vera"; Plaintiff's home address as "12717 S. Elizabeth, Calumet Park"; and Plaintiff's previous phone number "1-708-926-9116."

28. Plaintiff learned that approximately 180-200 copies of this picture were posted throughout Division 1, for the entire week of March 25, 2012 while Plaintiff was on vacation.

29. The approximately 180-200 copies of this picture were posted in areas where the jail's inmates had access to the information on the picture.

30. Plaintiff promptly reported the incident in Cook County Sheriff Incident Report #120001640. (Attached here as Exhibit E).

31. Exhibit E is a true and accurate copy of Incident Report #120001640.

32. On May 18, 2012, Plaintiff through his AFSCME union representative had a letter directed and sent to the Assistant General Counsel of the Cook County Sheriff, and the Director of the Cook County Jail.

33. The letter stated that Plaintiff had been subjected to continual harassment in Division 1 of the jail and described the April 3 picture incident and included one of the photos. The letter outlined that the pictures were left up for over one week and "no one in authority saw fit to 1) pull down the flyers, and 2) investigate the source/perpetrator(s)." The letter also requested that Plaintiff be temporarily moved to a safe work environment and stated that management had refused to provide Plaintiff with a safe working condition "<u>despite the fact that personnel at the jail have often been temporarily reassigned to easier and/or safer positions for far less compelling reasons</u>" (A copy attached here as Exhibit F).

34. Exhibit F is a true and accurate copy of the letter described above.

35. Plaintiff was subsequently offered to move to Division 10 but Plaintiff informed Defendants that he would prefer not to work in Division 10 because the mother of his child worked there on the same shift.

36. Plaintiff continued to request to be moved to a safer work environment but Defendants refused to move Plaintiff.

37. Ultimately, Plaintiff was able through his collective bargaining agreement to bid out of Division 1 and into Division 6.

38. On or about August 24, 2013, Plaintiff arrived to work in Division 1 and discovered three copies of a picture of Plaintiff dressed in civilian clothes displayed in open view in the security office and the Sergeant's office. The copies of the picture had handwriting on them stating "Kool Mo Dee", "(Skooly B)", "Ugly", and "R.I.P." (A copy attached here as Exhibit G).

39. Exhibit G is a true and accurate copy of the picture described above.

40. Plaintiff promptly reported the incident in Cook County Sheriff Incident Report #130011707. (Attached here as Exhibit H).

41. Exhibit H is a true and accurate copy of Incident Report #130011707.

42. On or about July 29, 2014, Plaintiff reported to the second floor Sergeant's office in Division 6 to discover numerous pictures taped to the wall in open view. One picture was of an unknown male black and had writing on it stating "Sgt. Carter", "Are they serious? The broad whipped my ass!", and "Don't you mean your boyfriend!" A second picture was of the same unknown male black and had writing on it stating "Sgt. Carter", "True playa fa real baby. Don't hate.", and "Domestic Battery." In addition the second picture had stitches drawn across the forehead of individual portrayed. Three more

6

pictures of unknown male blacks were also taped to the wall in open view and they had writing on them that included statements: "Were my onge belt" (an apparent reference to Plaintiff possessing an orange belt in martial arts); "I'm all fried out"; and "Ya heard me." (Copies attached here as Exhibit I).

43. Exhibit I is a true and accurate copy of the pictures described above.

44. Shortly thereafter, Plaintiff discovered a third picture taped to the wall in the Division 6 second floor bathroom. The picture was of the same unknown male black and was identical to the second picture with the addition of writing on the top that stated "Judge Mathis says: ." (A copy attached here as Exhibit J).

45. Exhibit J is a true and accurate copy of the picture described above.

46. Plaintiff promptly reported the incident in Cook County Sheriff Incident Report #140011769. (Attached here as Exhibit K).

47. Exhibit K is a true and accurate copy of Incident Report #140011769.

48. On December 4, 2013, Plaintiff completed a 'Sheriff's Office of Cook County, Office of Professional Review, Complaint Register' documenting claims about racial discrimination regarding discipline. (Attached here as Exhibit L).

49. Exhibit L is a true and accurate copy of the Complaint Register described above.

50. On December 12, 2013, Plaintiff completed a 'Sheriff's Office of Cook County, Office of Professional Review, Complaint Register' documenting the April 3, 2012 payroll stubs and picture incidents, harassment by officers in Division 1, and damage to the front grill of his 2002 Lexus that was parked on Cook County property. In the Complaint Register, Plaintiff stated that he was informed that Officers Slaughter and Burton of Division 1 were the persons who posted the picture of the naked black male on April 3, 2012.

7

(Attached here as Exhibit M).

51. Exhibit M is a true and accurate copy of the Complaint Register described above.

52. As of the date of filing, Plaintiff is not aware of and has not been informed of the results of any investigation or any discipline administered by the Defendants regarding any of the reported racially harassing incidents.

## COUNT I
### (Title VII – Racial Discrimination and Hostile Work Environment)

53. Plaintiff hereby incorporates all of the preceding paragraphs as if fully re-stated here.

54. Defendants have committed an unlawful employment practice by subjecting Plaintiff to a hostile work environment in which he was subjected to ongoing intimidation, ridicule, and insults based upon Plaintiff's race.

55. Defendants knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

56. Defendants' failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment and unlawful conduct.

57. The conduct of Defendants occurred over several years constituting a continuing course of discrimination toward Plaintiff.

58. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

59. As a direct and proximate result of the Defendants' violations of Title VII, Plaintiff has suffered severe and substantial damages. These damages include lost career opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT II
### (Title VII – Retaliation Claim)

60. Plaintiff hereby incorporates all of the preceding paragraphs as if fully re-stated here.

61. Plaintiff engaged in or was engaging in an activity protected under federal law that is filing internal complaints, grievance, memorandums, and incident reports.

62. Defendants subjected the plaintiff to adverse employment actions including failure to train, denial of promotion, and refusal to provide Plaintiff a safe working environment.

63. Plaintiff was subjected to the adverse employment action because of his participation in filing internal complaints, grievance, memorandums, and incident reports that drew attention to various violations occurring within Defendants' control.

64. Defendants' adverse employment actions directed against Plaintiff would not have occurred but for Plaintiff's filing of internal complaints, grievance, memorandums, and incident reports.

65. As a direct and proximate result of the Defendants' violations of Title VII, Plaintiff has suffered severe and substantial damages. These damages include lost career opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT III
### (42 U.S.C. § 1983 -*Monell* Claim)

66. Plaintiff hereby incorporates all of the preceding paragraphs as if fully re-stated here.

67. As described in the preceding paragraphs, the Defendants' actions and omissions treated Plaintiff differently than other similarly situated individuals without any legitimate

9

governmental purpose for doing so and thereby violated his constitutional rights to equal protection.

68. The misconduct described in this Count was undertaken with willful indifference to Plaintiff's rights.

69. The misconduct described in the preceding paragraphs was undertaken pursuant to the policy and practice of the Defendants in that:

   a. As a matter of both policy and practice, the Cook County Sheriff fails to adequately discipline, supervise and control its officers, and that its failure to do so manifests deliberate indifference;

   b. As a matter of both policy and practice, the Cook County Sheriff fails to properly and fully investigate misconduct by Cook County Sheriff's officers.

   c. As a matter of both policy and practice, the Cook County Sheriff facilitates the type of misconduct here by failing to adequately punish and discipline prior instances of similar misconduct.

   d. The Cook County Sheriff has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

70. As a direct and proximate result of the above-detailed actions or omissions of Defendants, Plaintiff has suffered severe and substantial damages. These damages include lost career opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against SHERIFF OF COOK COUNTY, THOMAS J. DART, AND COUNTY OF COOK, ILLLINOIS, and that Plaintiff be awarded:

a. b) An order awarding Plaintiff compensatory and punitive damages in an amount to be determined at trial;

b. c) An order awarding Plaintiff his costs, including reasonable attorneys' fees; and

c. d) Such further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

Dated: February 13, 2015

   /s/Daniel Q. Herbert_____
Daniel Q. Herbert
Plaintiff Attorney

The Law Offices of Daniel Q. Herbert & Associates
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
ARDC #6273940